UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RUDY STANKO, <br> a/k/a "Butch" Stanko, <br><br>     Plaintiff, <br><br>  vs. <br><br> CLAY LANDRY, BIA 9675, individually and in his official capacity as a highway cop; A. GRASER, individually and in his official capacity as a highway cop; and Defendants IX through 6X, Individually, will be named after discovery, <br><br>     Defendants. | CIV. 16-5105-JLV <br><br><br> ORDER |

  Defendants filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12 or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. (Docket 39). The motion was accompanied by a declaration by Douglas Noseep, Acting Deputy Associate Director of Field Operations, Office of Justice Services, Bureau of Indian Affairs, United States Department of the Interior (Docket 41); Defendant Landry's statement of material facts (Docket 42); an affidavit by Defendant Landry, together with a number of receipts, (Dockets 42-1 & 42-2); and a legal memorandum (Docket 40). Mr. Stanko filed a response to the defendants' motion. (Docket 45).

  The court recognizes plaintiff's *pro se* status. However, "[e]ven pro se litigants must comply with court rules and directives." Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). This district's local rules require a party

opposing a substantive motion to file, within 21 days of service, a responsive brief containing specific points of law with authorities. D.S.D. Civ. LR 7.1(B).[1] Specifically, a party opposing a summary judgment motion is required to file a statement of material facts responding "to each numbered paragraph in the moving party's statement of material facts with a separately numbered response and appropriate citation to the record." D.S.D. Civ. LR 56.1(B). The opposing party must "identify any material facts as to which it is contended that there exists a genuine issue to be tried." Id. "All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts." Id. at 56.1(D). Filing a statement of disputed material facts in opposition to a motion for summary judgment is mandatory, not discretionary.

The court had no duty to advise plaintiff of his obligation to respond to defendants' motions and the procedure for doing so. See Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (finding the court did not have an affirmative duty to advise a *pro se* litigant of the date by which he was to respond to a motion); Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (finding the district court was not required to instruct a *pro se* litigant on how to properly respond to a motion). However, plaintiff's failure to fully respond to defendants' motions "does not automatically compel resolution of [the motions] in favor of [defendants]." United States v. One Parcel of Real Prop., 27 F.3d 327, 329 n.1

---

[1]The local rules (civil) of the district court are available on the court's website, https://www.sdd.uscourts.gov, under the tab "Pro Se Litigants."

(8th Cir. 1994); see also Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."); Soliman, 412 F.3d at 922 (determining whether summary judgment was appropriate on the merits despite a plaintiff's failure to respond to a defendant's summary judgment motion). Rather than dismiss plaintiff's complaint for failing to comply with the local rules, the court will address defendants' motion.

Defendants first seek dismissal of plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1). Rule 12 provides in part that "a party may assert the following defenses by motion: . . . lack of subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (internal citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion [to dismiss] is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. (internal citation omitted). While considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction the court must "accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." Great Rivers Habitat Alliance v. Federal Emergency Management Agency,

615 F.3d 985, 988 (8th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

"The burden of proving federal jurisdiction, however, is on the party seeking to establish it, and this burden may not be shifted to the other party." Great Rivers Habitat Alliance, 615 F.3d at 988 (internal quotation marks and brackets omitted). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction . . . ." Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009).

Because Mr. Stanko is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Plaintiff's complaint cites 28 U.S.C. § 1331 and 42 U.S.C. § 1983 as the bases for the court's jurisdiction. (Docket 1 at p. 2). The complaint acknowledges Defendants Clay Landry and A. Graser are employees of the

4

Bureau of Indian Affairs and were acting as police officers on the date of the alleged conduct. Id. ¶¶ 10 & 11.

The United States and its agencies are generally immune from suit. FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); Brown v. United States, 151 F.3d 800, 803-04 (8th Cir. 1998). "Sovereign immunity is a jurisdictional issue . . . ." Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995). If the government "possess[es] sovereign immunity, then the district court [has] no jurisdiction to hear [plaintiff's claims]." Id.

Plaintiff's claims against Officers Landry and Graser in their official capacities function as a suit against the United States. See Olivares v. L.A. Rampart Station, Civ. No. 14-5061, 2014 WL 6453833, at *3 (D.S.D. Nov. 17, 2014). For Mr. Stanko to sue these defendants, the waiver of sovereign immunity by the United States must be "unequivocally expressed." Hagemeier v. Block, 806 F.2d 197, 202 (8th Cir. 1986) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)) (internal quotation marks omitted).

"Section 1331 sets forth the general federal question jurisdiction of federal district courts, but is not a general waiver of sovereign immunity allowing suits against the government." Wright v. Langdeau, 158 F. Supp. 3d 825, 832 (D.S.D. 2016) (quoting Rosebud Sioux Tribe v. U.S. Bureau of Indian Affairs, 714 F. Supp. 1546, 1552 (D.S.D. 1989) (internal quotation marks omitted).

Section 1983 does not waive the government's sovereign immunity defense. See Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); Morpurgo v. Board of Higher Ed. In City of New York, 423 F. Supp. 704, 714 (S.D.N.Y. 1976) ("[T]he United States itself [cannot] be sued under [section 1983] . . . because [the statute does] not waive sovereign immunity."); Johnson v. U.S. Social Sec. Admin., No. C 03-5876, 2005 WL 418543, at *3 (N.D. Cal. Feb. 17, 2005) (dismissing plaintiff's section 1983 claim for failing to identify waiver of sovereign immunity).

Plaintiff claims a waiver of immunity exists under the Little Tucker Act, 28 U.S.C. § 1346(a)(2). (Docket 45 at p. 10) (referencing United States v. Bormes, 568 U.S. 6 (2012)). "[T]he Little Tucker Act provides that 'district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims,' of a 'civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.'" Bormes, 568 U.S. at 10 (citing 28 U.S.C. § 1346(a)(2) (emphasis added).

Plaintiff fails to acknowledge that the Little Tucker Act provides for a limited waiver of sovereign immunity by the United States, an entity which is not a defendant in this litigation. The complaint seeks damages for § 1983 and common law tort claims. (Docket 1). Both claims sound in tort and are outside

6

the purview of the Little Tucker Act. Finally, Mr. Stanko's complaint seeks damages in excess of the $10,000 limit established by § 1346(a)(2). See Docket 1 at pp. 8-9. Plaintiff has not identified a waiver of sovereign immunity applicable to his claims. Plaintiff's claims against Defendants Landry and Graser in their official capacity are dismissed.

A claim under 42 U.S.C. § 1983 requires a plaintiff to allege and prove the defendants were acting under color of state law in depriving plaintiff of a right secured by the Constitution of the United States. "Every person who, under color of any statute [or] regulation . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. "Section 1983 does not confer subject matter jurisdiction. The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law. 42 U.S.C. § 1983. Defendants Landry and Graser did not act under color of state law. Section 1983 "is inapplicable when a person acts under color of federal law." Jones v. United States, 16 F.3d 979, 981 (8th Cir. 1994).

If plaintiff lacks standing, the district court has no subject matter jurisdiction. Faibisch v. University of Minnesota, 304 F.3d 797, 801 (8th Cir. 2002). The defendants' Rule 12(b)(1) motion is granted as to plaintiff's § 1983 claims. Jones, 16 F.3d at 981.

Liberally construed, plaintiff's complaint appears to assert other claims against Defendants Landry and Graser of a constitutional nature or under common law. (Docket 1 at pp. 6-8). Section 1983 "is inapplicable when a person acts under color of federal law." Jones, 16 F.3d at 981. Because plaintiff is alleging his constitutional rights were violated by persons acting under color of federal law, plaintiff's complaint as it relates to these defendants is properly construed as a Bivens[2] action. "Plaintiff's Bivens claims arising under the due process and equal protection Fourteenth Amendment fail . . . since the Fourteenth Amendment applies only to states and state actors, not the federal government. . . ." Walton v. United States Department of Agriculture, No. 4:02CV00163, 2007 WL 1246845 (E.D. Mo. Apr. 30, 2007) (citing Pinson v. Rumsfeld, 192 Fed. Appx. 811, 821 (11th Cir.), *cert. denied*, 127 S. Ct. 698 (2006) (citing also U.S. Const. amend. XIV, § 1 ("No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of its laws.")).

A tort claim based on the conduct of a federal employee is subject to the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). McNeil v. United States, 508 U.S. 106, 111 (1993). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." Id. at 113. "A tort claim against the United States shall be forever

---

[2]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

8

barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

Defendants represent that no administrative claim was filed by plaintiff. (Docket 40 at p. 11).  Mr. Stanko does not counter defendants' assertion. (Docket 45).

"Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant."  Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993).  Failure to establish presentment of the FCTA administrative claim to the agency involved is a jurisdictional prerequisite which cannot be waived.  Id.; see also Melo v. United States, 505 F.2d 1026, 1028 (8th Cir. 1974) ("Section 2675 clearly makes the filing of an administrative claim a mandatory condition precedent to the filing of civil action against the United States for damages arising from the negligent act or omission of any Government employee acting within the scope of his employment.").  Plaintiff's tort claim is not properly before the court and the court is without jurisdiction to consider such claims.

Based on these rulings, the court need not address the remaining portions of defendants' motion to dismiss.

# ORDER

Based on the above analysis, it is

ORDERED that defendants' motion to dismiss (Docket 39) is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed consistent with this order.

IT IS FURTHER ORDERED that plaintiff's claims against the defendants in their official capacity are dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff's § 1983 claims are dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff's Fourteenth Amendment claims are dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff's <u>Bivens</u> claims are dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's Federal Tort Claim Act claims are dismissed without prejudice.

Dated April 10, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE